```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
IDA SMITH,                               :
                    Plaintiff,           :
                                         :   10 Civ. 4089 (DLC)
          -v-                            :
                                         :   MEMORANDUM OPINION
CHARLES HAMILTON Sr., Licensed Surveyor, :       AND ORDER
PAUL HOFFMAN, JANE HOFFMAN-WALKER, and    :
GLORIA MCGOWAN,                          :
                    Defendants.          :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On May 18, 2010, pro se plaintiff Ida Smith ("Smith") filed her complaint seeking to have a survey map of real property in the U.S. Virgin Islands ("USVI") registered at the Cadastral's Office in the USVI; to have the Court determine the boundary lines of property in the USVI; to remove a "mandate" placed on the USVI property; and monetary damages of $29,312,250.  All defendants are alleged to be citizens of St. Thomas in the USVI.  The complaint grounded subject matter jurisdiction on diversity of citizenship.  On June 8, the Court issued an Order to Show Cause why the case should not be transferred to the District Court of the U.S. Virgin Islands.  In an affidavit filed June 25, Smith stated that she was in the process of amending her complaint to add a 42 U.S.C. § 1983 claim.  She also implied that she would not receive fair and impartial treatment in a USVI court.

Venue is governed by 28 U.S.C. § 1391.  Under that statute, if subject matter jurisdiction is based on diversity of citizenship of the parties, a case may be brought

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis supplied).  If the civil action is based on a question of federal law, such as a § 1983 claim, the case may be brought

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis supplied).

The plaintiff has not alleged any facts to justify venue in the Southern District of New York, even if the complaint is amended to allege a § 1983 claim.  Smith has alleged that all defendants reside in the USVI and that the dispute revolves

around real property in the USVI and events taking place in the USVI.  She has not alleged that any defendant would be subject to personal jurisdiction here, nor that any defendant may be found in the Southern District of New York, much less that there is no district in which this case could otherwise be brought.

CONCLUSION

The Clerk of Court shall transfer this case to the District Court for the U.S. Virgin Islands.

SO ORDERED:

Dated:    New York, New York
          July 1, 2010

                                   _____
                                          DENISE COTE
                                   United States District Judge

Copy sent to:

Ida Smith
580 Main Street, Apt. 454
New York, NY 10044